# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| In re: THOMAS, MARK PAUL | § Case No. 16-81275 |
| THOMAS, ASHLEY MAE | § |
| | § |
| Debtor(s) | § |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on May 24, 2016. The undersigned trustee was appointed on May 24, 2016.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of          $         22,000.00

|  |  |
|---|---:|
| Funds were disbursed in the following amounts: | |
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]   $ | 22,000.00 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 09/29/2016 and the deadline for filing governmental claims was 11/21/2016. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,950.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,950.00, for a total compensation of $2,950.00.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $74.84, for total expenses of $74.84.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/27/2017          By: /s/JOSEPH D. OLSEN
                          Trustee, Bar No.:

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 16-81275
**Case Name:** THOMAS, MARK PAUL
THOMAS, ASHLEY MAE
**Period Ending:** 03/27/17

**Trustee:** (330400) JOSEPH D. OLSEN
**Filed (f) or Converted (c):** 05/24/16 (f)
**§341(a) Meeting Date:** 06/23/16
**Claims Bar Date:** 09/29/16

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 4353 Shorewood Dr., Rockford, IL 61101-0000, Win | 100,000.00 | 0.00 | | 22,000.00 | FA |
| 2 | checking: UW Credit Union | 500.00 | 0.00 | | 0.00 | FA |
| 3 | savings: UW Credit Union | 1,000.00 | 0.00 | | 0.00 | FA |
| 4 | savings: CEFCU | 0.00 | 0.00 | | 0.00 | FA |
| 5 | 2 beds, table, 3 dressers, 2 sofas, washer, drye | 1,000.00 | 0.00 | | 0.00 | FA |
| 6 | 3 TVs, DVD player, computer, 100 DVDs, with esti | 250.00 | 0.00 | | 0.00 | FA |
| 7 | hand and power tools, with estimated retail valu | 200.00 | 0.00 | | 0.00 | FA |
| 8 | Lawnmower and snowblower, with estimated retail | 75.00 | 0.00 | | 0.00 | FA |
| 9 | Debtors' clothing, with estimated retail value o | 200.00 | 0.00 | | 0.00 | FA |
| 10 | jewelry, with estimated retail value of $200 | 100.00 | 0.00 | | 0.00 | FA |
| 11 | camera, with estimated retail value of $40 | 20.00 | 0.00 | | 0.00 | FA |
| 12 | golf clubs, with estimated retail value of $100 | 50.00 | 0.00 | | 0.00 | FA |
| 13 | fishing gear, with estimated retail value of $50 | 25.00 | 0.00 | | 0.00 | FA |
| 14 | 2 bicycles, with estimated retail value of $100 | 50.00 | 0.00 | | 0.00 | FA |
| 15 | firearm, with estimated retail value of $ 400 | 200.00 | 0.00 | | 0.00 | FA |
| 16 | Int. in Ins. policies: Life insurance with death | 0.00 | 0.00 | | 0.00 | FA |
| 17 | Lease of two 2015 Hyundai Optimas. Entire proper | 0.00 | 0.00 | | 0.00 | FA |
| 18 | Lease of 2016 Honda CRV. Entire property value: | 0.00 | 0.00 | | 0.00 | FA |
| 19 | Lease of 2016 Honda Civic. Entire property value | 0.00 | 0.00 | | 0.00 | FA |
| 19 | Assets Totals (Excluding unknown values) | $103,670.00 | $0.00 | | $22,000.00 | $0.00 |

**Major Activities Affecting Case Closing:**

The Trustee believes he can avoid the first mortgage on the Debtors' residence on Shorewood Drive in Rockford, Illinois. An Adversary Complaint (16-96065) has been filed. The time frame for the Defendant to respond has not yet occurred but the Trustee believes a settlement should be reached relatively quickly and envisions on or before the end of 2017.

Exhibit A

# Form 1

Page: 2

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 16-81275  
**Case Name:** THOMAS, MARK PAUL  
              THOMAS, ASHLEY MAE  
**Period Ending:** 03/27/17

**Trustee:** (330400)    JOSEPH D. OLSEN  
**Filed (f) or Converted (c):** 05/24/16 (f)  
**§341(a) Meeting Date:** 06/23/16  
**Claims Bar Date:** 09/29/16

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) Ref. # | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

**Initial Projected Date Of Final Report (TFR):**   December 31, 2017    **Current Projected Date Of Final Report (TFR):**   December 31, 2017

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| Case Number: | 16-81275 | | Trustee: | JOSEPH D. OLSEN (330400) |
|---|---|---|---|---|
| Case Name: | THOMAS, MARK PAUL | | Bank Name: | Rabobank, N.A. |
| | THOMAS, ASHLEY MAE | | Account: | ******8766 - Checking Account |
| Taxpayer ID #: | **-***1602 | | Blanket Bond: | $1,500,000.00 (per case limit) |
| Period Ending: | 03/27/17 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 03/21/17 | {1} | Chicago Title Insurance Company | offer in compromise per court order 03/20/2017 | 1110-000 | 22,000.00 | | 22,000.00 |
| | | | ACCOUNT TOTALS | | 22,000.00 | 0.00 | $22,000.00 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | Subtotal | | 22,000.00 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $22,000.00 | $0.00 | |

Net Receipts : 22,000.00

Net Estate : $22,000.00

| TOTAL - ALL ACCOUNTS | Net<br>Receipts | Net<br>Disbursements | Account<br>Balances |
|---|---|---|---|
| Checking # ******8766 | 22,000.00 | 0.00 | 22,000.00 |
| | $22,000.00 | $0.00 | $22,000.00 |

{} Asset reference(s)                                                                                                                    Printed: 03/27/2017 03:14 PM    V.13.30

## Exhibit "C" - Analysis of Claims Register
### Case: 16-81275   THOMAS, MARK PAUL

| Case Balance: | $22,000.00 | Total Proposed Payment: | $22,000.00 | Remaining Balance: | $0.00 | | |

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| | Attorney Joseph D Olsen | Admin Ch. 7 | 3,451.00 | 3,451.00 | 0.00 | 3,451.00 | 3,451.00 | 18,549.00 |
| | <3110-00  Attorney for Trustee Fees (Trustee Firm)> | | | | | | | |
| | Clerk of the United States Bankruptcy Court | Admin Ch. 7 | 350.00 | 350.00 | 0.00 | 350.00 | 350.00 | 18,199.00 |
| | <2700-00  Clerk of the Court Costs (includes adversary and other filing fees)> | | | | | | | |
| | JOSEPH D. OLSEN | Admin Ch. 7 | 74.84 | 74.84 | 0.00 | 74.84 | 74.84 | 18,124.16 |
| | <2200-00  Trustee Expenses> | | | | | | | |
| | JOSEPH D. OLSEN | Admin Ch. 7 | 2,950.00 | 2,950.00 | 0.00 | 2,950.00 | 2,950.00 | 15,174.16 |
| | <2100-00  Trustee Compensation> | | | | | | | |
| 7 | PNC Bank, National Association | Secured | 123,682.69* | 0.00 | 0.00 | 0.00 | 0.00 | 15,174.16 |
| 1 | Commerce Bank | Unsecured | 9,955.34 | 9,955.34 | 0.00 | 9,955.34 | 2,729.87 | 12,444.29 |
| 2 | SunTrust Bank | Unsecured | 19,901.89 | 19,901.89 | 0.00 | 19,901.89 | 5,457.33 | 6,986.96 |
| 3 | PNC BANK N.A. | Unsecured | 7,646.20 | 7,646.20 | 0.00 | 7,646.20 | 2,096.68 | 4,890.28 |
| 4 | PNC BANK N.A. | Unsecured | 6,006.60 | 6,006.60 | 0.00 | 6,006.60 | 1,647.08 | 3,243.20 |
| 5 | Directv, LLC | Unsecured | 176.20 | 176.20 | 0.00 | 176.20 | 48.32 | 3,194.88 |
| 6 | Hyundai Lease Titling Trust | Unsecured | 11,651.16 | 11,651.16 | 0.00 | 11,651.16 | 3,194.88 | 0.00 |
| | **Total for Case 16-81275 :** | | **$185,845.92** | **$62,163.23** | **$0.00** | **$62,163.23** | **$22,000.00** | |

### CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| Total Administrative Claims : | $6,825.84 | $6,825.84 | $0.00 | $6,825.84 | 100.000000% |
| Total Secured Claims : | $123,682.69 | $0.00 | $0.00 | $0.00 | 0.000000% |
| Total Unsecured Claims : | $55,337.39 | $55,337.39 | $0.00 | $15,174.16 | 27.421170% |

(*) Denotes objection to Amount Filed

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 16-81275
Case Name: THOMAS, MARK PAUL
Trustee Name: JOSEPH D. OLSEN

**Balance on hand:**   $   22,000.00

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 7 | PNC Bank, National Association | 123,682.69 | 0.00 | 0.00 | 0.00 |

Total to be paid to secured creditors:   $   0.00
Remaining balance:   $   22,000.00

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - JOSEPH D. OLSEN | 2,950.00 | 0.00 | 2,950.00 |
| Trustee, Expenses - JOSEPH D. OLSEN | 74.84 | 0.00 | 74.84 |
| Attorney for Trustee, Fees - Attorney Joseph D Olsen | 3,451.00 | 0.00 | 3,451.00 |
| Charges, U.S. Bankruptcy Court | 350.00 | 0.00 | 350.00 |

Total to be paid for chapter 7 administration expenses:   $   6,825.84
Remaining balance:   $   15,174.16

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:   $   0.00
Remaining balance:   $   15,174.16

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 15,174.16

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 55,337.39 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 27.4 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Commerce Bank | 9,955.34 | 0.00 | 2,729.87 |
| 2 | SunTrust Bank | 19,901.89 | 0.00 | 5,457.33 |
| 3 | PNC BANK N.A. | 7,646.20 | 0.00 | 2,096.68 |
| 4 | PNC BANK N.A. | 6,006.60 | 0.00 | 1,647.08 |
| 5 | Directv, LLC | 176.20 | 0.00 | 48.32 |
| 6 | Hyundai Lease Titling Trust | 11,651.16 | 0.00 | 3,194.88 |

Total to be paid for timely general unsecured claims: $ 15,174.16
Remaining balance: $ 0.00

UST Form 101-7-TFR (05/1/2011)

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for tardy general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for subordinated claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

.

UST Form 101-7-TFR (05/1/2011)